IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHERINE FINGER,<br><br>        Plaintiff,<br><br>v.<br><br>PLANTRONICS, INC., ROBERT C. HAGERTY, MARV TSEU, KATHY CRUSCO, BRIAN DEXHEIMER, GREGGORY HAMMANN, GUIDO JOURET, TALVIS LOVE, MARSHALL MOHR, DANIEL MOLONEY, DAVE SHULL, and YAEL ZHENG,<br><br>        Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Katherine Finger ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1.  This is a stockholder action brought by Plaintiff against Plantronics, Inc. ("Plantronics" or the "Company") and the members of Plantronics' Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell Plantronics to HP Inc. ("HP") (the "Proposed Transaction").

2. On March 25, 2022, Plantronics entered into an Agreement and Plan of Merger with HP and HP's wholly owned subsidiary Prism Subsidiary Corp. (the "Merger Agreement"). Under the terms of the Merger Agreement, Plantronics stockholders will be entitled to receive $40.00 in cash per share of Plantronics common stock.

3. On May 17, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Plantronics stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections and the financial analyses that support the fairness opinion provided by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley"); and (ii) potential conflicts of interest faced by Morgan Stanley and Company insiders.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Plantronics stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for Plantronics stockholders to vote on the Proposed Transaction is currently scheduled for June 23, 2022. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Plantronics' other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Plantronics common stock.

10. Defendant Plantronics is a Delaware corporation, with its principal executive offices located at 345 Encinal Street, Santa Cruz, California 95060. Plantronics' shares trade on the New York Stock Exchange under the ticker symbol "POLY."

11. Defendant Robert C. Hagerty has been Chairman of the Board and a director of the Company at all relevant times.

12. Defendant Marv Tseu has been Vice Chairman of the Board and a director of the Company at all relevant times.

13. Defendant Kathy Crusco has been a director of the Company at all relevant times.

14. Defendant Brian Dexheimer has been a director of the Company at all relevant times.

15. Defendant Greggory Hammann has been a director of the Company at all relevant times.

16. Defendant Guido Jouret has been a director of the Company at all relevant times.

17. Defendant Talvis Love has been a director of the Company at all relevant times.

18. Defendant Marshall Mohr has been a director of the Company at all relevant times.

19. Defendant Daniel Moloney has been a director of the Company at all relevant times.

20. Defendant Dave Shull has been President, Chief Executive Officer, and a director of the Company at all relevant times.

21. Defendant Yael Zheng has been a director of the Company at all relevant times.

22. Defendants identified in paragraphs 11-21 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

23. Plantronics is a leading global communications company that designs, manufactures, and markets integrated communications and collaboration solutions that span headsets, open Session Initiation Protocol and native ecosystem desktop phones, conference room phones, video conferencing solutions and peripherals, including cameras, speakers, and microphones, cloud management and analytics software solutions and services. The Company produces audio communications equipment for businesses and consumers. Its products support unified communications, mobile use, gaming and music.

**The Proposed Transaction**

24. On March 28, 2022, Plantronics announced that it had entered into the Proposed Transaction, stating, in relevant part:

4

PALO ALTO, Calif. and SANTA CRUZ, Calif., March 28, 2022 -- HP Inc. (NYSE: HPQ) today announced a definitive agreement to acquire Poly (NYSE: POLY), a leading global provider of workplace collaboration solutions, in an all-cash transaction for $40 per share, implying a total enterprise value of $3.3 billion, inclusive of Poly's net debt.

The acquisition accelerates HP's strategy to create a more growth-oriented portfolio, further strengthens its industry opportunity in hybrid work solutions, and positions the company for long-term sustainable growth and value creation.

The rise of hybrid work is creating sustained demand for technology that enables seamless collaboration across home and office environments. Approximately 75% of office workers are investing to improve their home setups to support new ways of working1. Traditional office spaces are also being reconfigured to support hybrid work and collaboration, with a focus on meeting room solutions. Currently, there are more than 90 million rooms, of which less than 10% have video capability2. As a result, the office meeting room solutions segment is expected to triple by 20243.

"The rise of the hybrid office creates a once-in-a-generation opportunity to redefine the way work gets done," said Enrique Lores, President and CEO of HP. "Combining HP and Poly creates a leading portfolio of hybrid work solutions across large and growing markets. Poly's strong technology, complementary go-to-market, and talented team will help to drive long-term profitable growth as we continue building a stronger HP."

Dave Shull, Poly CEO and President, added: "I am thrilled about the opportunity this represents for Poly, our employees, partners and customers. The combination gives us an opportunity to dramatically scale, reaching new markets and channels, supercharging our innovation with a like-minded partner. This transaction offers compelling and certain value for our shareholders and speaks to the hard work done by our teams to become a recognized leader in helping businesses everywhere meet the challenges of a generational disruption in the way people work."

In a more hybrid world, cloud platforms like Zoom and Microsoft Teams will play an important role in innovating new experiences. Eric Yuan, Founder and CEO of Zoom added, "Highest quality audio and video has become an essential component of work across every industry, whether in an office, at home, or on the go. Bringing the Poly and HP offerings together will unlock new opportunities to partner with Zoom and turn any space into a hub for dynamic video collaboration."

Poly will help drive the growth and scale of HP's peripherals and workforce solutions businesses. Peripherals represent a $110 billion segment opportunity growing 9% annually, driven by the need for more immersive experiences. Workforce solutions represent a $120 billion segment opportunity that is growing 8% annually, as companies invest in digital services to set up, manage, and secure more distributed IT ecosystems. Poly's devices, software and services, combined

5

with HP's strengths across compute, device management, and security, creates a robust portfolio of hybrid meeting solutions.

Poly is a leader in video conferencing solutions, cameras, headsets, voice and software. Together, HP and Poly will deliver a complete ecosystem of devices, software, and digital services to create premium employee experiences, improve workforce productivity, and provide enterprise customers with better visibility, insights, security, and manageability across their hybrid IT environments.

HP expects the transaction to be immediately accretive to HP's revenue growth, margins, and non-GAAP EPS at close. With the expanded value proposition of a complete hybrid work solution, combined with HP's scale and go-to-market capabilities, HP expects to realize substantial revenue synergies in peripherals as well as meeting room and workforce solutions. HP will be able to cross-sell across its global commercial and consumer sales channels, while driving incremental sales from combining Poly's products with HP's PC portfolio. As a result, HP expects to achieve $500 million of revenue synergies by FY25 and accelerate Poly's revenue growth to an approximately 15% CAGR over the first three years after closing. In addition, HP expects the transaction to improve Poly's operating margins by approximately six percentage points from current levels by FY25, driven by scale efficiencies across supply chain, manufacturing and overhead.

The transaction is expected to close by the end of calendar 2022, subject to Poly stockholder approval, required regulatory clearances, and the satisfaction of other customary closing conditions. HP will finance the transaction through a combination of balance sheet cash and new debt.

This transaction is consistent with HP's capital returns program target. HP remains committed to aggressively buying back shares of at least $4 billion in FY22, and to returning significant capital to shareholders while continuing to invest in growth.

**The Materially Incomplete and Misleading Proxy Statement**

25. On May 17, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that Plantronics stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the Company's financial projections and the financial analyses that support the fairness opinion provided by the Company's financial advisor, Morgan Stanley; and (ii) potential conflicts of interest faced by Morgan Stanley and Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Projections and Morgan Stanley's Financial Analyses*

26. The Proxy Statement fails to disclose material information concerning the financial projections for the Company.

27. The Proxy Statement fails to disclose all line items underlying the Company's EBITDA over the projection period.

28. Moreover, the Proxy Statement fails to disclose the "Street Case" projections relied upon by Morgan Stanley for its financial analyses. *See* Proxy Statement at 52.

29. The Proxy Statement also fails to disclose material information concerning Morgan Stanley's financial analyses.

30. With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the Street Case unlevered free cash flows through calendar year 2031 utilized in the analysis; (ii) the metric used to calculate the terminal values for the Company, and quantification thereof; (iii) quantification of the terminal values for the Company; (iv) quantification of the inputs and assumptions underlying the discount rates ranging from 8.3% to 9.2%; and (v) Plantronics' net debt.

31. With respect to Morgan Stanley's *Discounted Equity Value Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the Company's 2024 estimated EBITDA based on the Street Case; (ii) the estimated future diluted shares outstanding; and (iii) the inputs and assumptions underlying the discount rate of 13.1%.

32. With respect to Morgan Stanley's *Public Trading Comparables Analysis*, the Proxy Statement fails to disclose: (i) the individual multiples and financial metrics for each of the companies analyzed; and (ii) the Company's estimated EBITDA for calendar years 2022 and 2023 based on the Street Case.

7

33. With respect to Morgan Stanley's *Illustrative Precedent Transaction Premiums* analysis, the Proxy Statement fails to disclose: (i) the transactions observed; and (ii) the individual premiums for each transaction.

34. With respect to Morgan Stanley's *Equity Research Analysts' Future Price Targets* analysis: (i) the individual price targets observed; and (ii) the sources thereof.

*Material Misrepresentations and/or Omissions Concerning Morgan Stanley's and Company Insiders' Potential Conflicts of Interest*

35. The Proxy Statement fails to disclose material information concerning Morgan Stanley's potential conflicts of interest.

36. For example, the Proxy Statement sets forth, "[i]n the two years prior to the date of Morgan Stanley's opinion, Morgan Stanley and its affiliates have provided financing services to HP and have received aggregate fees of approximately $2million to $5 million in connection with such services and have acted as a lender to HP." *Id*. at 63. The Proxy Statement, however, fails to disclose the amount of compensation Morgan Stanley has received from HP for having acted as a lender to HP in the two years prior to the date of Morgan Stanley's fairness opinion.

37. The Proxy Statement also fails to disclose material information concerning Company insiders' potential conflicts of interest.

38. For example, the Proxy Statement fails to disclose whether any of HP's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

39. In sum, the omission of the above-referenced information renders statements in the "Prospective Unaudited Financial Information," "Opinion of Morgan Stanley & Co. LLC," "Background of the Merger," and "Interests of Poly's Directors and Executive Officers in the

Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Plantronics will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Plantronics**

40. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Plantronics is liable as the issuer of these statements.

42. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

43. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

44. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

45. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

46. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

47. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49. The Individual Defendants acted as controlling persons of Plantronics within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Plantronics and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

50. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

52. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

53. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Plantronics, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  June 3, 2022                                                 **ACOCELLI LAW, PLLC**

By  */s/ Richard A. Acocelli*
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*